UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CASE NO. 3:20-cv-02546-JZ

**DEBORA LESS**,
individually and on behalf of all
others similarly situated,

      Plaintiff,

**CLASS ACTION**

**JURY TRIAL DEMANDED**

v.

**QUEST DIAGNOSTICS INC., d/b/a MEDXM**,

      Defendant.

_____/

## JOINT STATUS REPORT

Plaintiff Debora Less and Defendant Quest Diagnostics, Inc. d/b/a MedXM, pursuant to this Court's Order, [DE 8], hereby provide this Joint Status Report.

**Plaintiff's Position**

Plaintiff states that since the Initial Phone Status Conference held on December 1, 2020, the parties discussed settlement options. Unfortunately, the parties have been unable to reach an agreement.

Regarding Defendant's request to file a Motion to Dismiss, Plaintiff respectfully submits that the case on which Defendant relies was incorrectly decided as recently noted by at least three district courts that declined to follow the holding of that case. *See Trujillo v. Free Energy Savings Company, LLC*, Case No. 5:19-cv-02072-MCS-SP (C.D. Cal. Dec. 21, 2020); *Shen v. Tricolor California Auto Group, LLC*, Case No. 2:20-cv-07419-PA-AGR (C.D. Cal. Dec. 17, 2020);

1

*Abramson v. Federal Insurance Co.,* Case No. 8:19-cv-02523-TPB-AAS (M.D. Fla. Dec. 11, 2020).

Additionally, even if this Court is inclined to follow *Lindenbaum*, Plaintiff alleges causes of action not only under section 227(b)(1)(A)(iii), but also section 227(c)(5) and the TCPA's implementing regulations, 47 C.F.R. §§ 64.1200(a)(1)(iii), 64.1200(a)(2), 64.1200(c), and 64.1200(d). *See* First Amended Complaint, [DE 9], at Counts II – IV. Thus, irrespective of whether this Court agrees that section 227(b)(1)(A)(iii) was unconstitutional and unenforceable for the past five years, such a ruling would have no bearing on Plaintiff's remaining claims based on sections of the statute and regulations that have <u>not</u> been found by any court to be unconstitutional.

Lastly, Plaintiff opposes Defendant's request to bifurcate or stay discovery as unnecessary and inefficient. To the extent Defendant is now concerned about the privacy of the class members it was bombarding with prerecorded solicitations, those issues can be addressed through a standard protective order as is the general practice in TCPA class actions.

**<u>Defendant's Position</u>**

Defendant states that the Parties were unable to reach an early resolution. As a result, Defendant requests leave to file its Rule 12(b)(1)/12(b)(6) Motion to Dismiss to Plaintiff's First Amended Complaint. Defendant notes that the Amended Complaint did not comply with Rule 15(a), but nevertheless Defendant is prepared to address its substance.

Defendant contends that Plaintiff's claim for violation of 47 U.S.C. 227(b)(1)(A)(iii) is barred because the provision was unconstitutional during the time of the alleged calls. *See Lindenbaum v. Realgy, LLC*, -- F. Supp. 3d --, 2020 WL 6361915, at *1 (N.D. Ohio Oct. 29, 2020) (on appeal). Further, Defendant contends that Plaintiff's claim pursuant to 47 U.S.C. § 227(c)(5)

(through 47 C.F.R. § 64.1200(c)(2)) is barred because the Complaint itself reveals that there were no telephone solicitation calls. *See Williams-Diggins v. Republic Servs.*, No. 3:18 CV 2313, 2019 WL 5394022, at *1 (N.D. Ohio Apr. 25, 2019) (Zouhary, J.). Defendant also contends that Plaintiff's newly added claim for violation of 47 C.F.R. §§ 64.1200(a)(1)/(2) must be dismissed because it does not afford a private right of action and, in any event, is unconstitutional for the same reason as found in <u>Lindenbaum,</u> as it was amended in 2016 by the FCC to include the identical unconstitutional defect. Defendant contends that Plaintiff's claim for violation of 47 C.F.R. § 64.1200(b)(3) also fails because it, too, has no private right of action and only applies to solicitation calls, which were not placed. And, to the extent Plaintiff references above 47 C.F.R § 64.1200(d), no such claim was asserted in the amended complaint.

Should this Court permit Defendant to file its Motion to Dismiss, Defendant is prepared to file its motion within seven days of this Court's permission. Defendant does not believe that Plaintiff's amended complaint changes the outcome. It does, however, evidence that there are no set of allegations that will remedy the claims asserted.

Defendant further requests that discovery (and particularly class discovery) as well as any 26(f) conference requirement be stayed pending the outcome of Defendant's motion to dismiss. Because this is a putative class action concerning healthcare-related calls made on behalf of persons' health insurers pertaining to covered treatment, any class discovery in this action would require a voluminous production of HIPAA-protected information that would be unduly burdensome and disproportionate to the needs of the case given Defendant's motion could end this case immediately.

Dated: January 7, 2021　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Andrew J. Shamis
　　　　　　　　　　　　　　　　　　Andrew J. Shamis, Esq.
　　　　　　　　　　　　　　　　　　**Shamis & Gentile, P.A**.
　　　　　　　　　　　　　　　　　　Florida Bar No. 101754
　　　　　　　　　　　　　　　　　　ashamis@shamisgentile.com
　　　　　　　　　　　　　　　　　　14 NE 1st Avenue, Suite 705
　　　　　　　　　　　　　　　　　　Miami, FL 33132
　　　　　　　　　　　　　　　　　　Telephone: 305-479-2299

　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff and the Class*


　　　　　　　　　　　　　　　　　　/s/ *Mark S. Eisen*

　　　　　　　　　　　　　　　　　　Laura E. Kogan
　　　　　　　　　　　　　　　　　　lkogan@beneschlaw.com
　　　　　　　　　　　　　　　　　　**BENESCH, FRIEDLANDER, COPLAN
　　　　　　　　　　　　　　　　　　& ARONOFF LLP**
　　　　　　　　　　　　　　　　　　200 Public Square, Suite 2300
　　　　　　　　　　　　　　　　　　Cleveland, OH 44114
　　　　　　　　　　　　　　　　　　Telephone: (216) 363-4500
　　　　　　　　　　　　　　　　　　Facsimile: (216) 363-4588

　　　　　　　　　　　　　　　　　　Mark S. Eisen, Esq. (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　dalmeida@beneschlaw.com
　　　　　　　　　　　　　　　　　　**BENESCH, FRIEDLANDER, COPLAN
　　　　　　　　　　　　　　　　　　& ARONOFF LLP**
　　　　　　　　　　　　　　　　　　71 South Wacker Drive, Suite 1600
　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　Telephone: (312) 212-4949
　　　　　　　　　　　　　　　　　　Facsimile: (312) 767-9192

　　　　　　　　　　　　　　　　　　*Counsel for Defendant*